Tammy Hussin, Esq. (Bar No. 155290)
Lemberg Law, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg Law, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Jennifer Flores

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CV14-00696-BRO(RZx)

| | |
|---|---|
| Jennifer Flores,<br><br>      Plaintiff,<br><br>  vs.<br><br>Colorado Technical University ; and DOES 1-10, inclusive,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET. SEQ;***<br>**2. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, *ET. SEQ.***<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Jennifer Flores, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and violation of California Business & Professions Code § 17200, *et. seq.*("UCL").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Jennifer Flores (hereafter "Plaintiff"), is an adult individual residing in Palmdale, California, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant, Colorado Technical University ("CTU"), is a Colorado business entity with an address of 4435 North Chestnut Street, Colorado Springs, Colorado 80907, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by CTU and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. CTU at all times acted by and through one or more of the Agents.

## FACTS

8. On or about November 20, 2013, CTU began placing calls to Plaintiff's cellular telephone in an attempt to solicit its services to Plaintiff.

9. CTU placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

10. When Plaintiff answered the calls from CTU, she was met with a recording and had to hold the line to be connected to a live representative.

11. Plaintiff is unsure whether she provided her cellular telephone number while searching online for information about college degree programs; however, Plaintiff did not wish to be called by CTU.

12. When the calls began, Plaintiff spoke to CTU to advise that she was not interested in CTU's services and instructed CTU to cease calling her.

13. Nonetheless, CTU continued to place calls to Plaintiff's cellular telephone at an excessive and harassing rate, sometimes calling Plaintiff six to eight times per day on a daily basis.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ.*

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times referenced herein and within the last four years, CTU placed calls to Plaintiff on her cellular telephone by using an automated telephone dialing system and by using an artificial or prerecorded voice ("automated calls").

16. CTU's telephone dialing systems have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. The calls from CTU to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. The telephone number called by Corinthian was assigned to cellular telephone services for which Plaintiffs incur charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. Plaintiff specifically requested that the calls stop. As such, CTU's automated calls were made without Plaintiff's consent and in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

20. CTU continued to barrage Plaintiff with automated calls knowing that it lacked consent to call and after Plaintiff's request that CTU stop calling.

21. CTU continued to call Plaintiff without her consent in knowing and/or willful violation of the TCPA, and as such each call is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

# COUNT II
# INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

22.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.   The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

24.   California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

25.   The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

26.   The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

27.   The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

28.   As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

29. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT III
## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 *ET. SEQ.*

30. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. CTU engaged in repeated instances of unlawful activity and unfair business practices as prohibited by Business and Professions Code sections 17200, *et seq.* ("UCL").

32. A business practice is "unlawful" if it violates an underlying state or federal statute or common law. CTU is in violation of the B&P Code by violating the TCPA.

33. By violating the TCPA and invading Plaintiff's right to be free from unwanted invasions and causing Plaintiff to incur charges, CTU caused injury to Plaintiff.

34. By engaging in this repeated conduct, CTU engages in unfair business practices in violation of the UCL, and should be enjoined by the Court from engaging in further violations of the TCPA for all residents of the state of California.

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

B. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. An Order from the Court enjoining CTU from violating the TCPA and invading the privacy of all California residents;

D. Costs of litigation and reasonable attorney's fees pursuant to pursuant to Cal. Civ. Code § 1021.5 for violations of the UCL;

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | DATED: January 23, 2014 | TAMMY HUSSIN |
| 2 | | |
| 3 | | |
| 4 | | By:_____ |
| 5 | | Tammy Hussin, Esq. |
| | | Lemberg Law, LLC |
| 6 | | Attorney for Plaintiff, Jennifer Flores |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Beverly Reid O'Connell_____ and the assigned Magistrate Judge is _____Ralph Zarefsky_____ .

The case number on all documents filed with the Court should read as follows:

### 2:14-cv-00696-BRO(RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

January 29, 2014                                By   APEDRO
Date                                                 Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**